NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                :    Chapter 7
In re:                                                          :
                                                                :    Case No. 20-10339 (CGM)
    Heather Lindsay,                                          :
                                                                :
                                                    Debtor.     :
                                                                :
---------------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR A STAY PENDING APPEAL

**A P P E A R A N C E S :**

Heather Lindsay, *Pro Se*

**CECELIA G. MORRIS**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

    INTRODUCTION

    Before the Court is the Debtor's Motion for Stay Pending Appeal ("Motion"). ECF No. 165.[1] For the reasons set forth below, the Motion is Denied.

### Jurisdiction

    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

---

[1] Unless otherwise indicated, all references to this Court's electronic docket ("ECF") are to the docket sheet of this bankruptcy proceeding, with the case number 20-10339.

## Background

The Debtor has filed for bankruptcy on four other occasions in the state of Connecticut.[2] On February 4, 2020, the Debtor commenced her fifth bankruptcy case by filing for chapter 7 relief in the Southern District of New York. ECF No. 1. This case was initially assigned to Judge Garrity. On April 21, 2020, New Rez LLC filed a lift stay motion under 11 U.S.C. §§ 362(d)(1)-(d)(4). New Rez sought to lift the stay on real property located at 81 High Clear Drive, Stamford, Connecticut 06905. ECF No. 22. On January 27, 2021, Judge Garrity issued a decision granting New Rez's lift stay motion. ECF No. 102. Judge Garrity found that:

> The evidence demonstrates that each of the Debtor's multiple bankruptcy petitions was filed in order to delay the Movant's enforcement of the Foreclosure Judgment…The evidence also demonstrates that the Debtor did not prosecute any of the prior petitions.

ECF No. 102 (memorandum decision granting Shellpoint's relief form the automatic stay under § 362(d)(1) and (4). Shortly after, the Debtor appealed Judge Garrity's decision. ECF No. 112. While the appeal was pending, this case was converted to a chapter 13 and reassigned to Chief Judge Morris. On June 3, 2021, the chapter 13 Trustee moved to dismiss this case because the Debtor failed to: file a Chapter 13 Plan, as required by 11 U.S.C. §1321 and Fed. R. Bankr. P. 3015(b); commence making Chapter 13 plan payments to the Trustee, as required by 11 U.S.C. §1326(a)(1); file with the Court a certification that all amounts payable under a domestic support obligation have been paid as required by 11 U.S.C. §1328(a); and provide the Trustee with copies of filed 2019 and 2020 federal and state tax returns and refunds, if any; appear and be examined at the adjourned Section 341 meeting of Creditors as required by 11 U.S.C. §343 scheduled for April 15, 2021; file complete schedules of assets and liabilities as required by 11 U.S.C. §521(a)(1)(B)(i), as the filed schedules are incomplete and have not been updated since

---

[2] Case No. 09-5008-CT; Case No. 18-50647-CT; Case No. 18-51236-CT; Case No. 18-51310-CT.

the conversion from Chapter 7. ECF No. 143. On June 24, 2021, the Court held a hearing on the Motion and in July 2021, the Court entered two orders converting this case to a chapter 7 and transferring it to Connecticut. ECF Nos 148 and 149.

On July 19, 2021, the appeal concerning Judge Garrity's lift stay decision was dismissed as the Debtor failed to file the Designation of Items to be Included in the Record as required under Fed. R. Bankr. P. 8009. ECF No. 146.

On August 27, 2021, the Debtor filed a Motion to Reconsider the conversion of her case to chapter 7 and transfer to Connecticut. The Court then heard the Motion to Reconsider on September 21, 2021 and denied the requested relief. ECF No. 155. The Court then vacated the order denying the Debtor's motion to reconsider after it became aware that the Debtor was not given notice of the September 21, 2021 hearing date. *See* ECF No. 159. The Court then held a hearing on November 4, 2021 and adjourned the matter to November 18, 2021 to allow Debtor to seek legal counsel. *Id.* On November 22, 2021, the Court once again denied the Debtor's Motion to Reconsider. *Id.*

While this Court contemplated the Debtor's Motion to Reconsider, Judge Manning in Connecticut issued an Order to Show Cause why the chapter 7 case should not be dismissed.[3] On September 23, 2021, Judge Manning dismissed the Debtor's case with prejudice and barred her from filing for bankruptcy relief for two years.[4]

On December 6, 2021, the Debtor filed a notice of appeal. ECF No. 164. The Debtor's subject of appeal is nearly identical to its prior appeal that was dismissed in July 2021. *See* ECF No. 112. It appears that the Debtor once again seeks to appeal Judge Garrity's decision granting New Rez's relief from the automatic stay. ECF No. 164. Moreover, based on the Debtor's

---

[3] Case No. 21-50476-CT, ECF No. 153.
[4] *Id.*

pending Motion, it appears that the Debtor is appealing this Court's orders converting and transferring this case to Connecticut. *See* ECF No. 165.

## Discussion

A movant seeking a stay pending appeal under Federal Rule of Bankruptcy Procedure 8007 must demonstrate: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "A party seeking a stay pending appeal carries a heavy burden." *In re Adelphia Communications Corp.*, 333 B.R. 649, 659 (S.D.N.Y. 2005). Upon balancing these factors, the Court finds that the Debtor fails to meet her heavy burden.

1. **Success on the Merits**

"The likelihood of success is typically the most important factor." *Bank of New York Mellon v. Worth*, No. 3:13-cv-1489, 2015 WL 1780719, at *3 (D.Conn. Apr. 20, 2015) (internal citation and quotation marks omitted." To the extent that the Debtor seeks relief from Judge Garrity's lift stay decision, the Debtor had her chance and failed to follow the proper appellate procedures. As to this Court's decision to convert this case and transfer it to Connecticut, the Debtor cannot show why it was improper. The Debtor did not provide adequate proof of domicile, residence, or principal place of business within this District for the 180 days preceding the filing. The Debtor owns property in Connecticut where all of her prior filings (and dismissals) have taken place. The notice address listed on the docket is for an address in Stamford, Connecticut. Conversion was also appropriate because the Debtor failed to carry out her duties as a chapter 13 debtor. To date, no chapter 13 plan has been filed.

Page **4** of **6**

The Debtor's four prior bankruptcy cases were in Connecticut. The Debtor seeks mediation under loss mitigation for real property located in Connecticut. Moreover, as Judge Manning noted, there appears to be no bankruptcy purpose to this case as the Debtor has few debts and seeks to resolve a state foreclosure dispute with New Rez. It also appears that the Debtor is asking for relief that no New York court can give. The Debtor's Notice of Appeal provides:

> My property in CA was stolen by a Connecticut Attorney Nickolas Ahuja and his Father Dr. Ajay Ahuja, the value to me was priceless, but by the eyes of the Court worth 3 million. This property should be considered in my bankruptcy case, it is not.

The Debtor has not made a strong showing of success on the merits.

## 2. Irreparable Injury

The Debtor's main purpose is to clear title on her Connecticut property. As New Rez has been granted relief from the automatic stay, the Debtor is free to present her case in a Connecticut State foreclosure court.

## 3. Injury to Other Parties and Public Interest

The injury to other parties and the public's interest in favor of the stay do not tip one way or another. Much of the Debtor's appeal focuses on a grand conspiracy between the courts of Connecticut and New York. This Court has carefully reviewed the docket of this case and no conspiracy exists. Contrary to the Debtor's claims, the docket demonstrates that Judge Garrity gave a *pro se* debtor many extensions and a fair opportunity to be heard. This Court has given the Debtor extensions so that she may seek legal counsel and vacated orders when the Debtor did not receive notice.

**Conclusion**

Accordingly, it is hereby:

ORDERED that Debtor's Motion for Stay Pending Appeal is DENIED.



**Dated: December 28, 2021**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**

Page **6** of **6**